**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Diane Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09 C 7444 |
| | ) | |
| Phillips & Cohen Associates, Ltd., a | ) | |
| New Jersey corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Diane Anderson, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiff, Diane Anderson ("Anderson"), is a citizen of the State of West Virginia, from whom Defendant attempted to collect a delinquent consumer debt originally owed to Fingerhut, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      From Defendant P&C's offices in New Jersey, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

6.      Defendant P&C is licensed as a debt collection agency in the State of Illinois.  <u>See</u>, record from the Illinois Division of Professional Regulation attached as Exhibit <u>A</u>.

7.      Moreover, Defendant P&C is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois.  <u>See</u>, record from the Illinois Secretary of State attached as Exhibit <u>B</u>.

**FACTUAL ALLEGATIONS**

8.      Ms. Anderson is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she originally owed to Fingerhut.  When Defendant P&C began trying to collect the Fingerhut debt from Ms. Anderson, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant P&C's collection actions.

9.      The first communication Ms. Anderson received from Defendant P&C was a telephone call from Defendant P&C's debt collector, "Katrina" on October 31, 2009.  In

this call, the debt collector demanded that Ms. Anderson send four payments of $202.80 starting November 11, 2009.

10.     Accordingly, on November 2, 2009, one of Ms. Anderson's attorneys at LASPD wrote to Defendant P&C to notify it that Ms. Anderson was represented by counsel, and to direct it to cease contacting her and to cease all further collection activities because Ms. Anderson was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

11.     Nonetheless, Defendant P&C's debt collector, Katrina, called Ms. Anderson on November 3, 2009 and November 5, 2009, and left messages demanding that Ms. Anderson call her about paying the Fingerhut debt.

12.     All of the collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant P&C's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communication And Collections**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

3

16.     Here, the letter (Exhibit <u>C</u>) from Ms. Anderson's agent, LASPD, told

Defendant P&C to cease communications and to cease collections.  By continuing to

communicate regarding this debt and demanding payment, Defendant P&C violated §

1692c(c) of the FDCPA.

17.     Defendant P&C's violation of § 1692c(c) of the FDCPA renders it liable for

statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

20.     Defendant P&C knew that Ms. Anderson was represented by counsel in

connection with her debts because her attorneys at LASPD had informed Defendant, in

writing (Exhibit <u>C</u>), that she was represented by counsel, and had directed Defendant to

cease directly communicating with Ms. Anderson.  By directly calling Ms. Anderson,

despite being advised that she was represented by counsel, Defendant P&C violated §

1692c (a)(2) of the FDCPA.

21.     Defendant P&C's violation of § 1692c(a)(2) of the FDCPA renders it liable

for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.  § 1692k.

**COUNT III**
**Violation Of § 1692g Of The FDCPA  --**
**Failing To Provide The 30-Day Validation Notice**

22.    Plaintiff adopts and realleges ¶¶ 1-13.

23.    Section 1692g of the FDCPA requires that, within 5 days of Defendant P&C's  first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it.  Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

24.    Here, Defendant P&C's first communication to Ms. Anderson was the October 31, 2009 telephone call.  To date, Defendant has failed to send Ms. Anderson a validation notice as required by § 1692g of the FDCPA.  Moreover, even if Defendant P&C sent the 30-day validation notice required by § 1692g of the FDCPA, its demands for payment, well before expiration of the 30 day period, make it appear that the time to seek validation had expired.  Such demands confuse the unsophisticated consumer by creating a false sense of urgency as to whether the 30-day validation period has already expired, and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt.  Defendant P&C has thus violated § 1692g of the FDCPA.  See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

25.    Defendant P&C's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Diane Anderson, prays that this Court:

1.      Find that Defendant P&C's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff, Anderson, and against Defendant

P&C, for statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Diane Anderson, demands trial by jury.

Diane Anderson,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  November 30, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com